J-S19040-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| MITCHELL HOWARD, | : | |
| | : | |
| Appellant | : | No. 2790 EDA 2014 |

Appeal from the PCRA Order entered on September 3, 2014
in the Court of Common Pleas of Delaware County,
Criminal Division, No. CP-23-CR-0005241-2004

BEFORE: STABILE, JENKINS and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:                    **FILED MAY 01, 2015**

Mitchell Howard ("Howard"), *pro se*, appeals the Order dismissing his

Petition filed pursuant to the Post Conviction Relief Act ("PCRA").[1]   We

affirm.

The PCRA court set forth the relevant factual and procedural history in

its Opinion, which we adopt for purposes of this appeal.  **See** PCRA Court

Opinion, 10/28/14, 1-3.[2]

On appeal, Howard raises the following issue for our review:  "Whether

[his] sentence [] is illegal and violates the Sixth Amendment to the United

---

[1] **See** 42 Pa.C.S.A. §§ 9541-9546.

[2] We observe that the PCRA court's Opinion incorrectly indicates that the gun
used by Howard was reported stolen in July 2014 when, in fact, it was
reported stolen in July 2004.  **See** PCRA Court Opinion, 10/28/14, 1.

States Constitution because the sentencing [j]udge relied upon conduct not found by a [j]ury or admitted in a plea? Brief for Appellant at 3.

> We review an order dismissing a petition under the PCRA in the light most favorable to the prevailing party at the PCRA level. This review is limited to the findings of the PCRA court and the evidence of record. We will not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error.

*Commonwealth v. Ford*, 44 A.3d 1190, 1194 (Pa. Super. 2012) (citations omitted).

Howard contends that his sentence is illegal under *Alleyne v. United States*, 133 S. Ct. 2151 (2013), because the court, rather than a jury, determined that he used a deadly weapon during the commission of a crime. Brief for Appellant at 8. Howard claims that his Petition, although facially untimely, falls within two exceptions to the PCRA's timeliness requirements. *Id*. at 9. Howard asserts that his failure to file the instant Petition was the result of government interference, entitling him to the timeliness exception set forth in 42 Pa.C.S.A. § 9545(b)(1)(i). Brief for Appellant at 9. Howard also asserts that his Petition was filed within sixty days of the *Alleyne* decision or a Blair County decision which clarified *Alleyne*, entitling him to the timeliness exception set forth in 42 Pa.C.S.A. § 9545(b)(1)(ii). Brief for Appellant at 9-10. Howard contends that the *Alleyne* decision and the Blair County decision constitute after-discovered facts, which were unknown to him and could not have been discovered through reasonable diligence. *Id*. at 10. Howard asserts that a petition raising a claim that a sentence is a

nullity should not be barred because the petition is untimely or the claim is waived. *Id*. at 11.

The PCRA court addressed Howard's claim, set forth the relevant law, and concluded that it lacks merit. *See* PCRA Court Opinion, 10/28/14, 3-7. We agree with the sound reasoning of the PCRA court and affirm on this basis. *See id*.

Order affirmed.

Jenkins, J., recused.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/1/2015

**IN THE COURT OF COMMON PLEAS OF DELAWARE COUNTY, PENNSYLVANIA**
**CRIMINAL DIVISION**

COMMONWEALTH OF PENNSYLVANIA     :    CP-23-CR-5241-2004

                **vs.**                      :

                                        :

**MITCHELL HOWARD A/K/A**        :
**HOWARD MITCHELL**             :

**A.Sheldon Kovach, Esquire, on behalf of the Commonwealth**
**Mitchell Howard,** *pro se*

## O P I N I O N

**Bradley, J.**                               **FILED:**    10/28/2014

On April 31, 2004 the Petitioner, Mitchell Howard, committed armed robbery at a Radio Shack store in Upper Darby, PA. He entered the store, robbed two employees at gunpoint and fled with, *inter alia*, the store manager's wallet, over $1,000.00 in cash, and a Cannon Video Camcorder. A radio call went out and plain clothes police officers in the immediate area approached the Petitioner, who matched the description of the robber. Petitioner attempted to flee but he was apprehended. He had a fully loaded handgun, a large sum of cash, the store manager's wallet, a bag containing controlled substances and his own photo identification card and the stolen Cannon Camcorder in his possession. The gun he possessed was reported stolen in July of 2014. This incident gave rise to a plethora of robbery and theft charges and alleged violations of The Controlled Substance, Drug, Device and Cosmetic and Uniform Firearms Acts.

1

19

Petitioner pled guilty to armed robbery and related offenses and was sentenced as a "third strike" offender on May 3, 2005. In 2006 pursuant to the Post Conviction Relief Act he brought a successful claim challenging the legality of the mandatory minimum sentence imposed. The PCRA court found that the sentence imposed was illegal and on February 22, 2007 he again pled guilty and was sentenced to an aggregate of fifteen to thirty years of incarceration. This sentence included a mandatory minimum sentence as a second time offender pursuant to 42 Pa.C.S.A. § 9714, Sentences for second and subsequent offenses, for one of the two robberies.

On February 13, 2008 Petitioner filed a *pro se* PCRA petition. Counsel was appointed. Appointed counsel filed an application to withdraw accompanied by a "no merit" letter. The PCRA Court gave Petitioner notice of its intent to dismiss the PCRA petition on November 6, 2008. On November 26, 2008 the PCRA petition was dismissed and counsel's application to withdraw was granted. Petitioner filed a timely appeal and the order of the PCRA court was affirmed by the Superior Court on November 16, 2009.

On June 23, 2014 Petitioner filed the PCRA petition that is before the Court. The petition alleges that the sentence imposed on February 22, 2007 is illegal in light of Alleyne v. United States, 133 S.Ct. 2151 (2013). *Alleyne* was decided on June 17, 2013 and held that, other than prior convictions, any fact that increases a mandatory minimum sentence for a crime is not a sentencing factor but is an "element" of the crime that must be submitted to the fact-finder and must be found based on proof beyond a reasonable doubt. This second PCRA petition is untimely. The Court gave Petitioner notice of its intent to dismiss without a

2

hearing and, after considering the Petitioner's response, the petition was dismissed. Petitioner filed a timely Notice of Appeal on September 26, 2014, necessitating this Opinion.

Section 9543 of the PCRA provides, *inter alia,* that to be eligible for relief a petitioner must plead and prove by a preponderance of the evidence that his conviction resulted from one or more of the enumerated errors or defects set forth in the Act. See e.g. Commonwealth v. Carpenter, 725 A.2d 154 (Pa. 1999). The "imposition of a sentence greater than the lawful maximum," is among the grounds that may provide a petitioner relief from his conviction. See 42 Pa.C.S.A. § 9543(a)(2)(vii). However, before a court may consider any PCRA claim for relief the jurisdictional time requirements of the Act must be satisfied. Section 9545 of the PCRA "Jurisdiction and Proceedings," provides in pertinent part:

> (b) Time for filing petition.--
> (1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:
> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.
> (2) Any petition invoking an exception provided in paragraph (1) shall be filed within 60 days of the date the claim could have been presented.
>
> (3) For purposes of this subchapter, a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review.

(4) For purposes of this subchapter, "government officials" shall not include defense counsel, whether appointed or retained.

42 Pa.C.S.A. § 9543(b).

Petitioner was sentenced on February 22, 2007. No post-sentence motions were filed and no appeal was taken from judgment of sentence. Judgment of sentence became final on March 24, 2007, giving Petitioner to March 24, 2008, or one year after the date judgment of sentence became final to challenge the legality of sentence. Although issues regarding the legality of sentence may not be waived, a claim that an illegal sentence was imposed is not an exception to the PCRA's jurisdictional time requirements. See Commonwealth v. Fowler, 930 A.2d 586 (Pa. Super. 2007); Commonwealth v. Vega, 754 A.2d 714 (Pa. Super. 2000). The petition *sub judice* was filed on June 23, 2014 and therefore, it is untimely on its face.

In his "Concise Statement of Matters Complained of on Appeal," Petitioner claims that the "facts upon which the claim is predicated were unknown [to him] and could not have been ascertained by the exercise of due diligence" and his failure to raise this claim earlier was the result of governmental interference. See 42 Pa.C.S.A. § 9545(b)(1)(i) & (ii). Although it is unclear, he also appears to claim that the allegations in the petition satisfy Section 4545(b)(iii) which provides an exception where "the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively." Each of these allegations fails.

4

A petitioner who files an out of time petition bears the burden to allege and prove that one of the timeliness exceptions applies. See e.g. Commonwealth v. Jones, 54 A.3d 14 (Pa. 2012); Commonwealth v. Albrecht, 994 A.2d 1091 (Pa. 2010); Commonwealth v. Garcia, 23 A.3d 1059 (Pa. Super. 2011). Petitioner alleges that the basis for his challenge to the legality of the sentence imposed arose only after the United States Supreme Court's June 17, 2013 *Alleyne* decision was "clarified" by our Superior Court in Commonwealth v. Mundy, 78 A.3d 661 (Pa. Super. October 10, 2013) and in an opinion filed by a Court of Common pleas in Blair County Pennsylvania which he obtained on May 14, 2014.

Judicial decisions are not "newly-discovered facts" and they do not satisfy Section 9543(b)(1)(ii). In Commonwealth v. Cintora, 69 A.3d 759, 763 (Pa. Super. 2013) the petitioners, brothers sentenced to life in prison after they pled guilty to multiple felony offenses, filed untimely PCRA petitions. Each petitioner claimed that the United States Supreme Court decision in Miller v. Alabama[1], —— U.S. ——, 132 S.Ct. 2455, 183 L.Ed.2d 407 (2012), was a newly discovered "fact" that satisfied the timeliness exception set forth in Section 9545(b)(1)(ii). In a brief discussion the court explained: "Our Courts have expressly rejected the notion that judicial decisions can be considered newly-discovered facts which would invoke the protections afforded by section 9545(b)(1)(ii). See Commonwealth v. Watts, 611 Pa. 80, 23 A.3d 980, 986 (2011) (holding, a judicial opinion does not qualify as a previously unknown "fact" capable of triggering the timeliness exception set forth in section 9545(b)(1)(ii) of the

[1] In Miller, supra the United States Supreme Court held that mandatory sentences of life imprisonment without parole for those under the age of eighteen at the time their crimes were committed violate the Eighth Amendment's prohibition on cruel and unusual punishments.

5

PCRA; "section 9545(b)(1)(ii) applies only if the petitioner has uncovered facts that could not have been ascertained through due diligence, and judicial determinations are not facts"); Commonwealth v. Brandon, 51 A.3d 231, 235 (Pa.Super.2012) (same)." 69 A.3d at 763. Additionally, the court explained that even if it was assumed that a judicial decision could be considered a new "fact" the petitioners failed to satisfy the sixty day requirement set forth in Section 9545(b)(2) which would require an otherwise untimely to be filed within sixty days of the new court decision.

Alleyne, a judicial decision is not a "fact" that satisfies Section 9543(b)(1)(ii). Further, as in Cintora, the current PCRA petition was not filed within sixty days of either Alleyne or Commonwealth v. Munday, supra.

Petitioner's allegations also fail to satisfy the "recently recognized constitutional right exception that is set forth in subsection (iii). In Commonwealth v. Miller,--- A.3d ----, 2014 WL 4783558 (Pa. Super. 2014) the PCRA petitioner invoked subsection (iii) and claimed that in Alleyne the United States Supreme Court recognized a new constitutional right after judgment of sentence became final in his case and that the newly recognized right applies retroactively. The Superior Court however, concluded that Alleyne did not recognize a new constitutional right but was an extension of the line of cases beginning with Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000) (recognizing that other than a prior conviction any fact that increases penalty for crime beyond prescribed statutory maximum must be submitted to jury and proved beyond reasonable doubt). Additionally, neither the United States Supreme Court nor the Pennsylvania Supreme Court have ruled that Alleyne applies

6

retroactively and under these circumstances relief from the PCRA's one-year jurisdictional time requirement is not available via subsection (iii). The Superior Court's conclusions in *Miller* dictate our conclusion that subsection (b)(iii) has not been satisfied in this case.

Finally, the allegation that the failure to make these claims earlier was the result of governmental interference may be summarily dismissed. "Neither the court system nor the correctional system is obliged to educate or update prisoners concerning changes in case law." Commonwealth v. Brandon 51 A.3d at 236 *quoting* Commonwealth v. Baldwin, 789 A.2d 728, 731 (Pa.Super.2001). *Alleyne* was available to all, including the Petitioner on the day it was decided, June 17, 2013. The allegations that claim based on Alleyne could be made only after a Blair County court ruled in an unrelated matter and that this PCRA court's rulings regarding the timeliness of the petition constitute "governmental interference" are patently frivolous.

BY THE COURT:

James P. Bradley,                                    J.

7